IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CNSP, INC.,**

    **Plaintiff,**

**v.**                                                                                   **Civ. No. 17-814 MV/KK**

**UNITED STATES FOREST**
**SERVICE; THOMAS TIDWELL;**
**JAMES MELONAS,**

    **Defendants.**

## ORDER OVERRULING DEFENDANTS' OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Federal Defendants' Motion to Dismiss and Memorandum in Support (Doc. 14), filed December 22, 2017. In her Proposed Findings and Recommended Disposition ("PFRD"), filed September 6, 2018 (Doc. 34), United States Magistrate Judge Kirtan Khalsa recommended that Federal Defendants' Motion to Dismiss be granted on the ground that the Court lacks subject-matter jurisdiction over Plaintiff's claims. (Doc. 34 at 15.) On September 18, 2018, Plaintiff's Objections to Findings and Recommendations of Magistrate Judge were filed (Doc. 35), and those Objections are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly

1

objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the Motion to Dismiss, Plaintiff's Response in Opposition, Defendant's Reply, the Magistrate Judge's PFRD, and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are unfounded. Plaintiff challenges the PFRD on the ground that it failed to take 47 U.S.C. Section 703(c) into account. (Doc. 35 at 2.) The Court notes, however, that while Plaintiff's complaint cites Section 703(c) exclusively in the allegations section, none of Plaintiff's claims were brought under that provision. (Doc. 1 at 3.) Even assuming that Plaintiff intended to raise a claim under Section 703(c), any such claim is moot because 47 U.S.C. Section 703(c)[1] was repealed on March 23, 2018. Pub. L. No. 115-141, § 402(b), 132 Stat. 1089 (2018).

---

[1] In its objections Plaintiff cites 47 U.S.C. Section 703(c), and subsequently discusses "Section 704(c)." (Doc. 35 at 3, 8.) The Court assumes that this is a typographical error, and in that regard, notes that 47 U.S.C. Section 704(c) is nonexistent.

Plaintiff also objects to the PFRD on the ground that Judge Khalsa did not address Executive Orders 13616 and 13821. (Doc. 35 at 3.) Although Plaintiff cited these executive orders, and attached them as exhibits to Response to Defendant's Motion to Dismiss, Plaintiff's claims were not premised on the executive orders nor could Plaintiff have reasonably based its claims on the orders. Each executive order submitted for the Court's consideration plainly states that the order "does not[] create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or any other person." (Doc. 17-2 at 5; Doc. 17-4 at 4.) Furthermore, the Court, having reviewed the Executive Orders, is not persuaded that they are material to the Court's analysis. Plaintiff's objection in this regard shall be overruled.

Plaintiff also objects to the PFRD on the ground that it implies that a SF-299 was "made available to . . . Plaintiff at the time" that Plaintiff submitted its request to place telecommunications facilities on Tesuque Peak. (Doc. 35 at 7.) The Court does not construe the PFRD as implying such. Even if it did, however, the validity of such an implication does not bear on the Court's conclusion that the PFRD should be adopted. As discussed in the PFRD, it is within Plaintiff's grasp to submit a SF-299, and Plaintiff may do so without this Court's intervention. (Doc. 34 at 14.) As such, Plaintiff does not have standing to pursue a claim based on the Forest Service's purported failure to provide, or require Plaintiff to submit a SF-299. *See Nat'l Family planning & Reprod. Health Ass'n, Inc.*, 468 F.3d at 831 (holding that where a plaintiff "has within its grasp an easy means for alleviating" an alleged injury, but has failed to do so and has, instead, "*chosen* to remain in the lurch" the plaintiff "cannot demonstrate an injury sufficient to confer standing").

Finally, Plaintiff objects to the PFRD on the ground that Judge Khalsa failed to address its request for leave to amend its complaint. (Doc. 35 at 2.) The Court observes that, in the concluding paragraph of its Response to Defendant's Motion to Dismiss, Plaintiff "humbly request[ed] leave to amend should this Court find cause to dismiss any of Plaintiff's claims." (Doc. 17 at 16.) Plaintiff's request to amend, such as it is, fails to alert the Court of the grounds on which Plaintiff should be permitted to amend its complaint, and it fails to alert the Court of the substance of any prospective amendment. That Judge Khalsa did not address this request in the PFRD does not affect the Court's view of the analysis or conclusion recommended therein.

The Court notes, further, that Plaintiff's Objections include a notice of intent to amend its Complaint to request injunctive relief and/or declaratory relief pursuant to 47 U.S.C. Section 704; 47 U.S.C. Section 1455, and Executive orders 1316 and 13821. Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, and by local Rule of Civil Procedure 15.1. Because Plaintiff failed to file its amended petition within twenty one days of Defendants' answer, it is not entitled to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Rather it may only amend its complaint with Defendants' consent or with this Court's leave. *Id.* 15(a)(2). Defendants have not consented to the amendment, and, although the "Court should freely give leave [to amend] when justice so requires," *id.*, leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party, [or] futility[.]" *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132 (10th Cir. 1987). Plaintiff, at this late stage has failed to adequately articulate a basis for amendment to allow the Court to address whether such an amendment would be futile. Moreover, Plaintiff's request is not properly made as a motion in accordance with Local Rule 15.1, which requires the party seeking to amend to submit a proposed amendment to the pleading

together with a motion to amend.  *See*  D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend.").  Plaintiff's request to file an amended complaint shall be denied.

In short, following its *de novo* review, the Court finds no fault with the Magistrate Judge's PFRD, and discerns nothing that might usefully be added to it.  Thus, rather than repeat what the Magistrate Judge has already written, the Court hereby ADOPTS the Magistrate Judge's PFRD and OVERRULES Defendants' Objections.

**IT IS THEREFORE ORDERED** that

(1) Federal Defendants' Motion to Dismiss and Memorandum in Support (Doc. 14), filed December 22, 2017, is **GRANTED** on the ground that the Court lacks subject-matter jurisdiction over Plaintiff's claims.

(2) Plaintiff's Request to File an Amended Complaint, raised in its Objections, (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**United States District Judge**