UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CNSP, INC., doing business as NMSURF,<br><br> Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, an Agency of the United States Department of Agriculture, VICKI CHRISTIANSEN,* in Her Official Capacity as Chief of the United States Forest Service, and JAMES MELONAS, in His Official Capacity as Santa Fe National Forest Supervisor,<br><br> Defendants. | No. 1:17-cv-00814-PJK-KK |

**ORDER DENYING PLAINTIFF'S MOTION<br>FOR RECONSIDERATION**

THIS MATTER is before the court on Plaintiff's Motion for Reconsideration of the Court's Order Granting Federal Defendants' Motion to Dismiss (ECF No. 40). Upon consideration thereof, the court finds the motion is not well taken and should be denied.

---

\* Pursuant to Fed. R. Civ. P. 25(d), current Chief of the United States Forest Service Vicki Christiansen has been automatically substituted for her predecessor, Thomas Tidwell.

**Background**

This case arose out of a dispute between Plaintiff CNSP, Inc., and the U.S. Forest Service over Plaintiff's desire to place its telecommunications equipment within the Santa Fe National Forest. Plaintiff sued the Forest Service, along with the Service's Chief and the Supervisor of the Santa Fe National Forest in their official capacities. Compl. (ECF No. 1). Defendants filed a motion to dismiss arguing the district court lacked subject matter jurisdiction over Plaintiff's claims and jurisdiction, if at all, would lie under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. Defs.' Mot. to Dismiss (ECF No. 14). Plaintiff filed a response on the merits inviting the district court to decide whether the action might proceed under the APA, and seeking leave to amend if the court were to dismiss any of its claims. Pl.'s Resp. to Mot. to Dismiss at 14–16 (ECF No. 17).

The district court referred Defendants' motion to dismiss to the magistrate judge for proposed findings and recommended disposition ("PFRD"). Order Referring Mot. (ECF No. 30). The magistrate judge recommended that the court grant Defendants' motion and dismiss the case for lack of jurisdiction. Proposed Findings of Fact & Recommended Disposition, CNSP, Inc. v. U.S. Forest Service, No. 1:17-cv-00814-MV-KK, 2018 WL 4258118 (D.N.M. Sept. 6, 2018) (ECF No. 34). Plaintiff filed objections to the PFRD, faulting the magistrate judge for not responding to its request (in its response to the motion to dismiss) for leave to amend and noting in the penultimate paragraph that it intended to amend its complaint to seek relief under the APA and would abandon its two other claims in the complaint. Pl.'s Objections to PFRD (ECF No. 35).

After the government filed a response to the Plaintiff's objections, ECF No. 36, Plaintiff finally filed a motion to amend with an attached proposed amended complaint. ECF No. 37. Meanwhile, the district court acted on Plaintiff's objections (which were fully briefed), adopted the magistrate's PFRD, granted the motion to dismiss Plaintiff's complaint, and denied Plaintiff's request for leave to file an amended complaint. Order Overruling Pl.'s Objections & Adopting Magistrate Judge's Proposed Findings & Recommended Disposition, CNSP, Inc. v. U.S. Forest Service, No. 1:17-cv-00814-MV-KK, 2018 WL 4674574 (D.N.M. Sept. 28, 2018) (ECF No. 38). The district court then entered judgment. ECF No. 39. Accordingly, Plaintiff's formal motion for leave to amend its complaint was implicitly denied. Cf. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1116 (10th Cir. 2004).

Plaintiff then filed a motion for reconsideration arguing, in part, that the district court never acted on its formal motion to amend the complaint, which Defendants oppose. On June 13, 2019, the case was transferred to the undersigned. ECF No. 43.

## Discussion

Plaintiff's motion for reconsideration should be denied. The motion does not satisfy the standard established under Federal Rule of Civil Procedure 59(e), and Plaintiff has missed its opportunities to properly move to amend.

In Servants of the Paraclete v. Does, the Tenth Circuit explained that proper grounds for a motion for reconsideration "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

clear error or prevent manifest injustice." 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019) (quoting id.). They should *not* be granted, however, where a party is using the motion for reconsideration merely to "relitigate old matters" or to raise arguments that could have been presented before the court entered judgment. Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).

Here, both the facts and the applicable law were known (or should have been known) to Plaintiff well before it filed its motion for reconsideration. Servants, 204 F.3d at 1012. The court did not misapprehend the applicable law — Plaintiff did. See Pl.'s Mot. for Recons. at 2 n.1 (conceding as much). The court accepted Plaintiff's arguments as they were presented, and those arguments did not provide a basis for federal jurisdiction. As for the requests for leave to amend contained in the response to the motion to dismiss and in the objection to the PFRD, it is well settled that such a request must be accompanied by a proposed amended complaint and that a mere request is not sufficient. D.N.M.LR-Civ. 15.1; Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., 771 F.3d 697, 706 (10th Cir. 2014). It was not until after the objections to the PFRD were fully briefed — and nine months after Defendants had alerted Plaintiff to the obvious and critical jurisdictional defects in the case — that Plaintiff finally moved for leave to amend and attached a proposed amended complaint. Plaintiff has failed to show there was any mistake in the court's original decision dismissing this action. See Nelson, 921 F.3d at 930; see also Combs v. PriceWaterhouseCoopers LLP, 382 F.3d 1196, 1205–06 (10th

Cir. 2004).

Furthermore, Plaintiff has never grappled with how granting leave to amend would not be futile. While changing the legal theory to a challenge under the APA might solve the jurisdictional defect, it is not obvious that it would. See, e.g., Joseph W. Mead & Nicholas A. Fromherz, Choosing a Court to Review the Executive, 67 Admin. L. Rev. 1, 10 (2015) ("While the default rule is that administrative challenges begin in district court, Congress has provided innumerable exceptions that allow a case to be commenced directly in the court of appeals, bypassing the district court altogether."). And even if it did, it is not at all clear that the complaint would even state a claim the court could review. See, e.g., Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1579–80 (10th Cir. 1994) (explaining the procedural distinctions between a normal lawsuit, initiated by a complaint, and an administrative law appeal, initiated by a petition for review of agency action); 4 Charles H. Koch Jr. & Richard Murphy, Administrative Law & Practice Ch. 12B, Introduction (3d ed., February 2019 update) (detailing the hurdles that precede judicial review of agency actions).

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order Granting Federal Defendants' Motion to Dismiss (ECF No. 40) filed October 4, 2018, is denied.[1]

---

[1] The court need not enter another separate judgment on the denial of this motion. Fed. R. App. P. 4(a)(4)(A)(iv); see also Warren v. Am. Bankers Ins. of Florida, 507 F.3d 1239, 1244 (10th Cir. 2007).

DATED this 17th day of June 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Carl Hans Muller, NMSURF, Santa Fe, New Mexico, and Michael C. Compo, Compo Law Firm LLC, Miami Shores, Florida, for Plaintiff.

Andrew A. Smith, Senior Trial Attorney, United States Department of Justice, Environment and Natural Resources Division, John C. Anderson, United States Attorney, and Christopher F. Jeu, Assistant United States Attorney, Albuquerque, New Mexico, for Defendants.